IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUINCY BLAKELY, | ) | |
|           Petitioner, | ) | |
| v. | ) | No. 3:17-CV-1308-L |
| | ) | |
| SHERIFF LUPE VALDEZ, | ) | |
|           Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

I.

Petitioner is a pre-trial detainee incarcerated in the Dallas County Jail. He is proceeding *pro se* and has filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.

Petitioner claims he was wrongfully arrested for unlawfully carrying a weapon, resisting arrest and assault of a public servant. He also states his bond was set unreasonably high. He seeks dismissal of the indictment, and a reduction of his bond.

II.

**1.   Abstention**

Petitioner's challenge to his arrest and indictment should be dismissed under the *Younger* abstention doctrine. Under this doctrine, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas*, No. 7:04–CV–227–R, 2005 WL

473680, at *1 (N.D.Tex. Feb.28, 2005) (collecting cases); *see also Younger v. Harris*, 401U.S. 37, 43–45 (1971).  The requirement that a petitioner prove "extraordinary circumstances" to obtain federal relief is grounded in the principals of comity and federalism.  *Younger*, 401 U.S. at 44.

The *Younger* abstention doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712,716 (5th Cir.2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (internal citations omitted).

All prerequisites for abstention under *Younger* are met here. There is an ongoing state judicial criminal proceeding that Plaintiff alleges is pending.  A determination by this Court that his arrest and indictment were unlawful would interfere with the state criminal proceedings.  Further, "[t]he state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir.1984); *see also Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 85 (5th Cir.1992) (explaining that, "under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff" (citing *Younger*, 401U.S. at 41)). Finally, Petitioner has a full opportunity to raise his constitutional challenges in the Texas state courts.  See *DeSpain*, 731 F.2d at 1176; *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for

2

vindication of federal constitutional rights").

All three conditions of *Younger* are met in this matter.  The Court may refuse to abstain if an exception applies, but no exception applies here. The Court should abstain from jurisdiction over Petitioner's claims.

**2.      Bond**

Petitioner also challenges the amount of his bond.  A state pretrial detainee may seek a federal writ of habeas corpus under 28 U.S.C. § 2241 only if the following two prerequisites are met: (1) the petitioner must be in custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available state remedies. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973). Although Petitioner meets the first prerequisite for review because he is presently confined in Dallas County Jail, he does not meet the second criteria because it is apparent from the pleadings that he has not exhausted available state court remedies before seeking relief in federal court.

A state prisoner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (citations omitted).  In the pre-conviction context, a Texas prisoner confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted.  *See* TEX. CODE CRIM. PROC. § 11.08 (Vernon 2003).  If the trial court denies habeas relief under Article 11.08, the applicant's

3

remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)).

In this case, Petitioner has failed to allege that he exhausted his state remedies by properly presenting his claim the Texas Court of Criminal Appeals. The claim should therefore be dismissed without prejudice.

III.

The Court hereby recommends that: (1) Petitioner's claims challenging his arrest and indictment be dismissed under the *Younger* abstention doctrine; and (2) Petitioner's claim that his bond is unreasonably high be dismissed without prejudice for failure to exhaust state court remedies.

Signed this 20th day of June, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).