IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUINCY BLAKELY, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:17-CV-1308-L** |
| | § | |
| **SHERIFF LUPE VALDEZ,** | § | |
| | § | |
| Respondent. | § | |

# ORDER

On June 20, 2017, United States Magistrate Judge Paul D. Stickney entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that Petitioner's claims challenging his arrest and indictment be dismissed under the *Younger* abstention doctrine; and (2) Petitioner's claim that his bond is unreasonably high be dismissed without prejudice for failure to exhaust state court remedies. No objections were filed to the report.

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** his habeas corpus petition under 28 U.S.C. § 2241, and **dismisses without prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court prospectively **denies** a certificate of appealability.* The court determines that Petitioner

---

*Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

   **(a)     Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the

**Order –Page 1**

has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 18th day of October, 2017.

Sam A. Lindsay
United States District Judge

---

final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(**b**)  **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.